IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID MICHAEL MANSFIELD,

     Plaintiff,

vs.                                                                                          No. CIV 20-0438 JB\KBM

FNU MARTIN and
FNU CRYEN,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court following Plaintiff David Mansfield's failure to submit an initial partial filing fee, as 28 U.S.C. § 1915(b)(1) requires. The Honorable Karen Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Mansfield to pay $12.20 in connection with his Prisoner Civil Rights Complaint, filed May 7, 2020 (Doc. 1)("Complaint"). See Order Granting *In Forma Pauperis* Motion at 1, filed May 11, 2020 (Doc. 4)("IFP Order"). Because Mansfield did not comply or show cause for his lack of compliance, the Court will dismiss the case without prejudice.

**FACTUAL BACKGROUND**

Mansfield is incarcerated at the Northeast New Mexico Detention Facility. See Complaint at 1, 6. He filed the Complaint on May 7, 2020, raising civil rights claims under 42 U.S.C. § 1983. See Complaint at 1. Specifically, he alleges that prison officials discriminate against him by refusing to permit him to transfer to a different facility because of COVID-19. See Complaint at 3. Mansfield also appears to allege that he requested a copy of his criminal judgment from a case manager, but the case manager never complied. See Complaint at 3. Mansfield seeks $100,000.00 in damages and asks the Court to enter a mandatory injunction requiring prison

officials to transfer him to a prison in Santa Fe, New Mexico.  See Complaint at 4.  He also has filed a Motion to Proceed In Forma Pauperis along with the Complaint.  See Motion to Proceed In Forma Pauperis at 1, filed May 7, 2020 (Doc. 2)("IFP Motion").

By an Order entered May 8, 2020, the Court referred the matter to Magistrate Judge Molzen for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed May 8, 2020 (Doc. 3).  By an Order entered May 11, 2020, Magistrate Judge Molzen granted Mansfield leave to proceed in forma pauperis, which excused the requirement that he prepay the full filing fee.  See IFP Order at 1.  Pursuant to 28 U.S.C. § 1915(b)(1)(A), Magistrate Judge Molzen assessed an initial partial payment of $12.20 and directs Mansfield to submit that amount within thirty days of the IFP Order's entry.  See IFP Order at 1.  The IFP Order warns that, if Mansfield fails to make the initial partial payment in a timely manner, the Court will dismiss the Complaint without further notice.  See IFP Order at 1.  The deadline to submit the initial partial payment was June 10, 2020.  See IFP Order at 2.  Mansfield has not complied with or otherwise responded to the IFP Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).  As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal)

is a fundamental precept of modern litigation." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162. "'These criteria include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204)(internal quotations marks omitted).

Here, Mansfield has not submitted an initial partial payment, as both 28 U.S.C. § 1915(b)(1)(A) and the IFP Order require. He also has not responded to the IFP Order or shown cause for his failure to comply. In light of these failures, the Court will dismiss this case pursuant

to rule 41(b) for failure to prosecute. See <u>Olsen v. Mapes</u>, 333 F.3d at 1204. The dismissal will be without prejudice, after considering the factors in <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center</u>.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner Civil Rights Complaint, filed May 7, 2020 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

David Michael Mansfield
Clayton, New Mexico

    *Plaintiff pro se*